UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER A. WEINKAUF, | ) |
| Plaintiff, | ) Case No.: C04-2166 CRD |
| v. | ) |
| MICHAEL J. ASTRUE, | ) ORDER RE: SOCIAL SECURITY |
| Commissioner of Social Security, | ) DISABILITY APPEAL |
| Defendant. | ) |

Plaintiff Roger Weinkauf appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or the "Act"), and granted Supplemental Security Income ("SSI") disability benefits under Title XVI, beginning January 8, 1996. For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a sixty-year-old male. In 2006, Plaintiff was granted SSI benefits dating back to 1996, but was denied DIB benefits because the ALJ found his condition did not predate his last insured date. Plaintiff now asserts that the ALJ erred by not finding him disabled prior to his last insured date in 1984, and in the alternative, argues that the ALJ erred by not considering a closed 1993 application and finding him disabled as of that date.

On July 1, 1993, Plaintiff filed his first application due to asthma and psychological conditions, alleging an onset date in 1982. The application was denied initially in August 1993

ORDER - 1

and upon reconsideration in July 1994. On January 5, 1995, Plaintiff requested a hearing which was denied as untimely and the claim was dismissed.

On January 8, 1996, Plaintiff filed a second application again alleging disability since 1982. The claim was denied initially and upon reconsideration. Thereafter, the case was remanded but subsequently denied. Plaintiff timely requested an administrative law judge ("ALJ") hearing, which was held in September 2001. On December 26, 2001, ALJ Joyner issued an unfavorable decision. On June 26, 2002, the Appeals Council remanded the case for a supplemental hearing. On January 14, 2003, a supplemental hearing was held before ALJ Nichols, who issued a decision on August 26, 2003 finding Plaintiff ineligible for DIB but eligible for SSI back to an onset date of June 10, 2002. The Appeals Council denied review and in September 2004 Plaintiff filed an action in this court. The parties stipulated to remand to another ALJ due to missing documents in the record.

On February 27, 2006, a *de novo* hearing was held before ALJ Robinson. The ALJ heard testimony from Plaintiff, who was represented by counsel, Steven Robey, Esq., Administrative Record ("AR") at 771-820. The ALJ rendered a decision on February 13, 2006, finding Plaintiff ineligible for DIB but eligible for SSI as of January 8, 1996. Plaintiff requested review by the Appeals Council and review was denied, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On January 24, 2008, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. THE DISABILITY EVALUATION

As the claimant, Mr. Weinkauf bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id*. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] In the present case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR 672, Finding

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER - 3

2. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case, the ALJ found Plaintiff has the severe impairments of asthmatic bronchitis, panic disorder, and post-traumatic stress disorder, beginning on January 8, 1996. AR 676, Finding 4. The ALJ also found that prior to June 30, 1984, Plaintiff's last insured date for Disability Insurance Benefits, he did not have a severe impairment or combination of impairments and was therefore not eligible for DIB at any time. AR 672, Finding 3. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id*. The ALJ found that Plaintiff's impairments met the requirements of listing 12.06 of Appendix 1. AR 678, Finding 5. The ALJ therefore concluded Plaintiff was disabled for purposes of SSI only as of January 8, 1996. *Id*.

## V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1. Did the ALJ err in not granting Plaintiff's earlier application?
2. Did the ALJ err in not finding Plaintiff disabled prior to his last insured date?

Dkt. No. 39.

## VI. DISCUSSION

*A. The ALJ did not err in not granting Plaintiff's earlier application.*

Plaintiff argues that the ALJ erred because he should have found him disabled as of his 1993 application date. Plaintiff points to specific medical evidence in support of a finding of disability for that period. However, the Court agrees with the ALJ's finding that, "[a]n individual's earliest date of eligibility for supplemental security income is the date of his application for those benefits. Accordingly, January 8, 1996 is the earliest date that the claimant could receive SSI." AR 677. The 1993 application was denied, dismissed, and Plaintiff did not

appeal. Thus, despite the medical expert's opinion that Plaintiff could have been disabled as of 1993, and even if he met the disability criteria as of 1993, he was ineligible for SSI until his second application date in 1996.

Although the 1993 application had been denied and dismissed, Plaintiff argues the ALJ should have considered it for the following reasons: 1) he was denied due process because he did not receive written notice of the July 1994 denial; 2) the Commissioner erred in dismissing his January 5, 1995 request for a hearing; 3) he has implicitly and explicitly requested reopening of the 1993 application; and 4) the ALJ made a *de facto* reopening of the 1993 application. Dkt. 39 at 16.

First, Plaintiff argues his right to due process has been denied because he did not receive timely notice of the July 1994 denial. On January 5, 1995, Plaintiff requested a hearing before an ALJ to appeal the denial. On March 3, 1995, ALJ Ranney denied Plaintiff's request for a hearing because the request was over three months late. AR 97. ALJ Ranney noted, "Claimant has a high school education. Alcohol or drug addiction is not an issue. Accordingly, there is no good cause to extend the time for filing. Therefore, the claimant's request for hearing is hereby dismissed. The reconsideration determination dated July 28, 1994 remains in effect." AR 98. That decision also informed Plaintiff he had 60 days from the date he received the notice to appeal the ALJ's decision. AR 94. The Court notes that although Plaintiff had the opportunity to do so, he did not appeal the decision. Plaintiff apparently instead filed a new application in January 1996. Accordingly, the Court finds Plaintiff was not denied due process; he had the opportunity to appeal and did not do so.[2] The Court finds the ALJ did not err in not reopening the 1993 application.

Plaintiff also asserts he implicitly and explicitly requested the opening of the 1993 application. Plaintiff argues that he implicitly requested the reopening with his request for a

---

[2] Plaintiff points out that the 1993 application and other various documents are missing from the administrative record, which is Defendant's duty to maintain. However, the Court finds none of the documents are required for a ruling in this case, and therefore finds Plaintiff has not been prejudiced due to their exclusion. Moreover, even if Plaintiff did not receive the first denial notice, he does not claim he did not receive the 1995 hearing denial, which clearly set forth his appeal rights.

ORDER - 5

hearing in January 1995, and that his subsequent January 1996 application was also an implicit request to reopen the 1993 application. Plaintiff argues he explicitly requested a reopening at the 2003 ALJ hearing. The Court disagrees that the request for a hearing or subsequent application were implicit requests to reopen. Regardless, Plaintiff did not exercise his right to appeal the 1995 denial and therefore failed to exhaust relief available for the 1993 application.

Next, Plaintiff argues that because ALJ Robinson mentioned the 1993 application at the hearing and considered whether he was disabled prior to 1984, he must have been considering the 1993 application, and that in so doing made a "*de facto* reopening" of the 1993 application. Plaintiff argues that, "the Commissioner has explicitly stated at all times that the issue in Plaintiff's case is whether he is disabled prior to his date last insured in 1984." Dkt. 39 at 18. Plaintiff inexplicably insists in both his opening brief and reply that the ALJ was or should have been considering both types of disability prior to 1984. The Court disagrees. Plaintiff confuses DIB and SSI: the sole reason the ALJ considered whether he was disabled prior to 1984 was to determine whether he was eligible for *Disability Insurance Benefits*, not SSI benefits. SSI benefits may begin on the application date whereas DIB may begin only if disability is found to have existed prior to the last insured date. As Plaintiff is well aware, his last insured date is in 1984—precisely why the ALJ considered whether Plaintiff was disabled prior to 1984—for the purposes of DIB only.

The Court does not find good cause for reopening the 1993 application. Social Security administrative deadlines exist because memories fade and medical records may become lost, lessening the integrity of the claim. Here, Plaintiff had the opportunity to appeal the denial, but did not, and has given no good cause for failing to appeal. Thus, the Court finds the ALJ did not err in not considering the 1993 application open, and did not err by not considering whether Plaintiff was disabled prior to his 1996 application for purposes of SSI.

///
///
///
///

ORDER - 6

B. *The ALJ did not err in finding Plaintiff not disabled prior to his last insured date.*

Plaintiff asserts that the ALJ erred because he did not find him disabled prior to his last insured date in 1984. After a detailed analysis of the medical records prior to 1984, the ALJ concluded that:

> These few chart notes only indicate rather minor problems that were treated and were unaccompanied by any findings that they cause any obstacles in the claimant's performance of basic work activities. Thus, the "problems" popped up, were treated, and then apparently went away for periods of time, as indicated by the extended times in which the claimant did not seek or receive any treatment. From these few medical notations, there is no reasonable inference that the claimant had any severe anxiety problem on or before his date last insured. In fact, there is no reasonable inference that the claimant had any severe impairment on or before that date.

AR 674.

Plaintiff does not dispute that there are few medical records prior to 1984, however, he argues the ALJ should have placed more weight on his testimony and that of his wife, Mrs. Weinkauf, regarding his pre-1984 complaints. Absent evidence of malingering, the ALJ can only reject Plaintiff's testimony regarding the severity of his symptoms by giving "specific, clear and convincing reasons" for the rejection. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036; *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *Thomas*, 278 F.3d at 958-59. In finding a claimant's testimony unreliable, an ALJ must render a credibility determination with sufficiently specific findings, supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d 821, 834 (9th Cir. 1995). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ found Plaintiff and Mrs. Weinkauf's testimonies regarding the pre-1984 period to be not fully convincing because the level of severity alleged is not supported by

the medical record for that time, and because their testimonies related back over twenty years ago. With respect to Plaintiff's testimony the ALJ concluded:

> The objective medical findings do not indicate the existence of severe impairments on or before the date last insured or the severity of the alleged impairments as indicated by the claimant on or before the date last insured. His testimony is a recollection of events and incidents that occurred over 20 years ago. The medical reports written at that time are more convincing than the claimant's attempt to dredge up some recollection of his condition at a far away time.

AR 676.

Similarly, regarding Mrs. Weinkauf's testimony the ALJ concluded that:

> I believe this witness testified to the best of her knowledge concerning her observations and beliefs concerning the claimant's medical condition on or before his date last insured. But the same criticism of the claimant's testimony can be made of Ms. Weinkauf's testimony: it is a recollection after the passage of over 20 years and without the support of any objective medical findings.

AR 676.

Plaintiff adds that because the ALJ did not have the benefit of the missing 1997 and 2001 hearing transcripts, the ALJ could not compare their testimonies for consistency. The Court notes that while this is true, the ALJ did not find the witnesses' testimonies internally contradictory, he found them unsupported by the medical records which indicate Plaintiff did not seek regular or ongoing treatment for debilitating impairments prior to 1984. The Court finds the ALJ determined, based on substantial evidence in the record, that Plaintiff's symptoms were less severe than he alleges, for the reasons the ALJ set forth. There simply is not sufficient medical documentation to warrant a finding of disability prior to 1984. After reviewing the hearing transcript, the Court notes that Plaintiff and Mrs. Weinkauf's testimonies did not paint a clear picture of treatment and medication during the pre-1984 period. The ALJ noted that he would stop asking Plaintiff questions and instead allow him the opportunity to talk with his attorney in an attempt to make a clearer list of all medical providers and treatment he received during that time. AR at 796. The ALJ's assessment Plaintiff and Mrs. Weinkauf's testimonies is supported by clear and convincing reasons, based on substantial evidence, and is free of legal error. *See Green v. Heckler*, 803 F.2d 528, 532 (9th Cir. 1986) (stating that ALJ's credibility

ORDER - 8

determinations are entitled to great deference); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (stating that ALJ's role is to judge credibility of claimant).

Lastly, Plaintiff argues that the ALJ did not consider the combination of his mental impairments with his asthma. The Court disagrees. The ALJ analyzed in detail his mental complaints as well as his asthma complaints for the period prior to his last insured date in 1984. *See* AR 673-76.

## VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED and the case DISMISSED.

DATED this 27th day of August, 2008.

Carolyn R. Dimmick
United States District Judge